IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DAMIEN HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:16-02372-STA-egb |
| | ) | |
| WARDEN MYRON L. BATTS, | ) | |
| FORMER WARDEN FNU | ) | |
| STEVENSON, BUREAU OF PRISONS, | ) | |
| FNU TAYLOR, MEDICAL DIRECTOR | ) | |
| DR. FNU PRINCE, DR. FNU | ) | |
| HEARTGROVE, and ASSISTANT | ) | |
| WARDEN NEIL ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On May 27, 2016, Plaintiff Damien Hughes, who at the time of filing was incarcerated at FCI Memphis in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 31, 2016, the Court granted Hughes leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a) (b). (ECF No. 4.) In a screening order entered November 17, 2017, the Court concluded that Hughes had failed to state a claim for relief under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). However, the Court found good cause to allow Hughes to file an amended complaint and cure the defects the Court had found in the initial Complaint. The Court gave Hughes thirty (30) days in which to file his amended complaint and cautioned Hughes that if he failed to file an amended

complaint within the time specified, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. The Court further warned that any failure to comply with its requirements or any other order would result in the dismissal of the case without further notice.

On December 12, 2017, the Court granted Hughes an extension of time to file his amended complaint. Hughes had requested more time because he had recently moved to a new facility and did not immediately receive the mail from the Clerk containing the Court's screening order. The Court found cause to give Hughes until January 17, 2018, in which to file an amended complaint. Then, on January 5, 2018, the Court granted Hughes a second extension. In his second motion for extension, Hughes stated that he had been housed in a "SNU" unit since December 20, 2017, without access to his legal materials or other property. Hughes also stated that the property officer had been on vacation during the holidays. Hughes stated that he intended to prepare his amended complaint as soon as he was released from SNU, though he did not indicate when that would be. The Court found cause to give Hughes until February 16, 2018. The Court specifically noted that "[w]hatever difficulties Plaintiff has encountered over the last few weeks, the Court finds no reason to grant Plaintiff an open-ended extension of time until he is transferred out of 'SNU' housing."

Despite being granted two extensions of time, Hughes has not filed an amended complaint within the time allowed and has not requested an extension of time in which to do so. Therefore, judgment will be entered in accordance with the November 17, 2017, order dismissing the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Hughes case would be taken in good faith. The good faith standard is an objective one.

2

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Hughes would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Hughes nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Hughes' cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE


        Date: February 26, 2018